**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rojelio GUTIERREZ–BARAJAS,**
**Defendant–Appellant.**

No. 03–50236.
D.C. No. CR–02–00860–GT.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 24, 2004.

Margaret E. Gabor, Margaret G. Jacobo, AUSA, San Diego, CA, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lori Schoenberg, FDCA—Federal defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

### MEMORANDUM**

Rojelio Gutierrez–Barajas appeals from the 10–month sentence imposed upon revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gutierrez contends that, pursuant to 28 U.S.C. § 455(a)–(b)(1), the district court abused its discretion by failing to recuse itself during his supervised release revocation proceedings because it had predetermined a 10–month sentence for any violation of the supervised release order at his original sentencing hearing. We conclude that the district court's warning regarding the consequences of violating the order "did not reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *See United States v. Wilkerson,* 208 F.3d 794, 797–98 (9th Cir.2000).

We reject Gutierrez's contention that the district court's failure to recuse itself violated the Due Process Clause. *See Bracy v. Gramley,* 520 U.S. 899, 904–05, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).