[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16750
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00069-CR-ORL-19KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 14, 2009)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Donald Mitchell appeals the revocation of his supervised release.  Mitchell

argues that the district judge should have recused herself from his revocation proceeding and there was insufficient evidence to revoke his supervised release. We affirm.

The same standard of review applies to both of Mitchell's arguments. We review a refusal to recuse for abuse of discretion. United States v. Amedeo, 487 F.3d 823, 828 (11th Cir. 2007). "We review the district court's conclusion that appellant violated the terms of his supervised release for abuse of discretion." United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994).

Mitchell argues the district judge should have recused herself based on her comments in an earlier revocation hearing that she would "sentence [Mitchell] to the full and maximum term that is allowed by law" if the government moved to revoke his probation a second time, but we disagree. Because judicial bias "must be personal and extrajudicial[,] . . .[o]pinions held by judges as a result of what they learned in earlier proceedings" do not warrant recusal. Amedeo, 487 F.3d 823, 828–29 (11th Cir. 2007) (internal quotation marks omitted). The district judge was entitled to warn Mitchell that further criminal conduct would require a longer sentence to promote respect for the law, protect the public, and deter recidivism. The district court did not abuse its discretion.

Mitchell also challenges the sufficiency of the evidence relied on to revoke

his supervised release, but his argument fails. Mitchell visited a Mercedes-Benz dealership in Jacksonville, Florida, left the dealership in a vehicle that he had not purchased, and was later arrested by an officer in Georgia in that stolen vehicle. Mitchell committed this crime while on supervised release following his conviction for bank fraud, and Mitchell failed to notify his probation officer about his arrest in Georgia and an earlier arrest in Florida. The district court did not abuse its discretion by revoking Mitchell's supervised release.

The revocation of Mitchell's supervised release is **AFFIRMED**.