# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1120
_____

United States of America

*Plaintiff - Appellee*

v.

Danial Martin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: May 23, 2014
Filed: July 3, 2014

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Danial Martin appeals his sentence for revocation of supervised release. He argues that the district court[1] erred by not recusing and sentencing him to 36 months

_____

[1] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota

consecutive to his state sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

# I.

Martin originally pled guilty to conspiracy to distribute a controlled substance within 1000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860. The district court sentenced him to 35 months' imprisonment and six years' supervised release.

After Martin was put on supervised release, the state moved to revoke. During the revocation hearing, the district court noted the lengthy list of violations, and said:

> I am, however, going to give him one last chance, and I'm going to sentence him to 10 months of custody followed by a further period of supervised release of 24 months.
>
> . . . .
>
> And if he comes back here again, he is going to get 36 months of custody. You can count on that.

During his second term of supervised release, Martin accrued 18 incident reports in three months. He moved to recuse the district judge based on his earlier statement. The district court denied the motion, noting that he would consider the statutory factors, and that his earlier statement was "subject to change, wholly or in part." Later, the court said:

> And as [Martin's counsel] has pointed out, I probably did tell him that, if he came back here again with more violations of this type, he would probably get . . . a 35-month sentence. I think I probably did tell him,

as [Martin's counsel] set forth—I don't challenge what [Martin's counsel] put in his motion—that he could count on that.

And, of course, I had—I made it very clear to the defendant that the ten-month sentence that he was receiving at that time was a very lenient sentence, in view of his terrible conduct while on supervised release. He has been nothing but trouble for every institution that he has been in. But he apparently wasn't listening. I was trying to help him at that time, and to convince him to stop doing drugs, stop absconding, and start following the rules.

The court noted the advisory nature of the Guidelines' recommendation of 4 to 10 months' imprisonment. The court expressed discouragement with Martin's continuing conduct—failing to follow the rules of every facility he entered, sabotaging U.S. probation officers' efforts to help him, and continually blaming others for his problems. The court sentenced him to 36 months' imprisonment.

## II.

This court reviews a denial of a motion to recuse for abuse of discretion. *United States v. Wisecarver*, 644 F.3d 764, 771 (8th Cir. 2011). "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." **28 U.S.C**. **§ 455(a)**. "Under § 455(a), disqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Wisecarver*, 644 F.3d at 771. "[I]n general, reassignment should rest upon an appearance of bias or prejudice derived from an extrajudicial source . . . ." *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 904 (8th Cir. 2009). However, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings, do not constitute a basis for a bias or partiality motion unless they reveal a deep-seated favoritism or antagonism that

would make fair judgment impossible." ***Liteky v. United States***, 510 U.S. 540, 555 (1994).

Martin argues that a reasonable person would question the district court's impartiality based on the earlier statement about counting on getting 36 months' incarceration for future violations. In the circumstances here, however, the district court's statement does not display a "deep-seated antagonism that would make fair judgment impossible." The court here gave a warning and recognized it was subject to change. A court may caution a defendant about the consequences of future violations. ***See United States v. Gutierrez-Barajas***, 88 Fed. App'x 222, 223 (9th Cir. 2004) (unpublished) ("We conclude that the district court's warning regarding the consequences of violating the order 'did not reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'"); ***United States v. Hill***, No. 00-3044, 2000 WL 702893 at *2 (10th Cir. 2000) (unpublished) (finding the court was not required to recuse based on its earlier statement about the sentence.); ***United States v. Mitchell***, 348 Fed. App'x 430, 430-31 (11th Cir. 2009) (unpublished) ("The district judge was entitled to warn [the defendant] that further criminal conduct would require a longer sentence . . . ."). A reasonable person who knew the circumstances here would view the district court's statement as a warning, not a deep-seated antagonism.

III.

Martin raises several arguments about his sentencing: the failure to give significant weight to his new relationship with his family, consideration of his new state conviction, the length of his new sentence compared to the original sentence, the decision to run his sentence consecutive to the state-court sentence, the failure to adequately explain the variance from the Guidelines, and the reliance on the factors mentioned in 18 U.S.C. § 3553(a)(2)(A).

"This court reviews sentences in two steps: first, for significant procedural error; and if there is none, for substantive reasonableness." **United States v. Williams**, 624 F.3d 889, 896 (8th Cir. 2010).

> Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-inducing an explanation for any deviation from the Guidelines range.'

**Id.**, *citing* **Gall v. United States**, 552 U.S. 38, 51 (2007) (emphasis removed).

"If there is no procedural error, this court reviews for reasonableness under a deferential abuse of discretion standard." **Williams**, 624 F.3d at 896.

> An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment.

*Id*. at 896-97.

Martin asserts the court committed procedural error by not adequately explaining the 36-month sentence. He says the sentence "was based on nothing more than the district court's anger toward [him]." To the contrary, the district court explained, at length, the reason for its sentence: Martin's history of not following rules and refusing to take responsibility for his mistakes. The district court also explained that his earlier statements to the defendant about future violations were made to help convince him "to stop doing drugs, stop absconding, and start following the rules." The district court adequately explained Martin's sentence.

Martin claims procedural error because the court considered the factors in 18 U.S.C. §3553(a)(2)(A).  Revocation of supervised release is governed by 18 U.S.C. §3583(e), which states:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)–
>
> . . . .
>
> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of supervised release authorized by statute . . . except that a defendant whose term is revoked may not be required to serve on any such revocation . . . more than 3 years in prison if such offense is a class B felony.

Martin contends that the court erred by reciting *all* of the factors in § 3553(a), including "to provide just punishment for the offense."  This phrase is in § 3553(a)(2)(A)—which is not listed in §3583(e).  At any rate, the court's mention of the § 3553(a)(2)(A) factors is immaterial.  During its lengthy colloquy, the court specifically said Martin's violation was "not the crime of the century," and focused primarily on his history and characteristics rather than the retribution for the offenses.[2]

As for the substantive reasonableness, Martin argues the court abused its discretion by failing to give significant weight to Martin's new relationship with his family, while giving weight to an improper factor—his new state conviction.  The district court did not abuse its discretion.  Although Martin alluded, during

---

[2]Although the circuits are split whether sentencing under 18 U.S.C. § 3583 permits consideration of the factors in 18 U.S.C. § 3553(a)(2)(A), this court need not address the issue in this case.  *See **United States v. Clay***, ___ F.3d ___, No. 13-3510, 2014 WL 2214212, at *2 (7th Cir. May 29, 2014) (citing cases).

sentencing, to a new relationship with his family, "[a] district court is not required to respond specifically to each argument advanced by the defendant." *Williams*, 624 F.3d at, 897. Further, the court discussed Martin's new state conviction while addressing his conduct throughout the entirety of his probation. Courts are directed by 18 U.S.C. § 3553(a)(1) to consider a defendant's history.

Martins attacks the reasonableness of the length of his new sentence, consecutive to his state sentence. This court is "not permitted to apply a presumption of unreasonableness if the sentence is outside the Guidelines range. Instead, we 'may consider the extent of the deviation but must give due deference to the district court's decision that the 3553(a) factors, as a whole, justify the extent of the variance.'" *United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc), *citing* *Gall*, 552 U.S. at 51. The district court took great lengths to recite Martin's history, his performance on supervised release, and his attitude throughout the case, stating: "I don't see anything has made an impact on him so far." The district court acted reasonably, determining that Martin's behavior justified a 36-month sentence consecutive to his state sentence.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____