# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-1031

———————————————

United States of America

*Plaintiff - Appellee*

v.

Kenneth Robert Simpson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: May 25, 2016
Filed: May 31, 2016
[Unpublished]

——————————

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

At a supervised release revocation hearing, Kenneth Simpson admitted that immediately upon commencement of his lifetime term of supervision, he had refused to follow his probation officer's instruction to register as a sex offender. He directly

appeals after the district court[1] revoked supervision, sentenced him to 12 months in prison, and reimposed a lifetime term of supervision.

Upon careful review of the record and the parties' briefs, we conclude that Simpson's arguments for reversal lack merit. First, we reject his argument that the district court abused its discretion by failing to recuse itself. See United States v. Martin, 757 F.3d 776, 778 (8th Cir. 2014) (standard of review). Second, Simpson's challenges regarding jurisdiction and double jeopardy amount to improperly raised collateral attacks on his underlying conviction and sentence. See United States v. Miller, 557 F.3d 910, 913 (8th Cir. 2009). Third, the record supports the district court's finding that Simpson violated his supervised release. See United States v. Black Bear, 542 F.3d 249, 252 (8th Cir. 2008) (standard of review). Fourth, the court did not err in reimposing a lifetime term of supervision, see 18 U.S.C. §§ 3583(h), (k); United States v. Asalati, 615 F.3d 1001, 1006 (8th Cir. 2010) (reasonableness of revocation sentence reviewed for abuse of discretion), and we reject his challenge to the reimposition of special release conditions, see United States v. Koch, 625 F.3d 470, 481 (8th Cir. 2010). Finally, Simpson's newly raised constitutional challenge to the Sex Offender Registration Act is not properly before us. See Liberty State Bank v. Minnesota Life & Health Ins. Guar. Ass'n, 149 F.3d 832, 834 (8th Cir. 1998).

Accordingly, we affirm.

_____

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.