# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1479

_____

United States of America

*Plaintiff - Appellee*

v.

Roger R. Clayton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 11, 2016
Filed: July 6, 2016

_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Roger R. Clayton appeals the sentence imposed by the district court[1] after he pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and 18 U.S.C. § 2; to brandishing a firearm in furtherance of a bank robbery, in violation of

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

18 U.S.C. §§ 924(c)(1) and 2; and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm.

I.

On October 8, 2013, Clayton and two accomplices, Candice Wright and Joshua Thompson, traveled from Indiana to the home of another accomplice, Alisha Porter, in Oran, Missouri. The following day, Clayton, Thompson, and Wright drove Porter's car to Morley, Missouri, to reconnoiter the First Commercial Bank and its surrounding area. Afterward, the group returned to Porter's home, where the four agreed on a plan to rob the First Commercial Bank. On October 10, 2013, the group drove back to the bank in two cars. Clayton and Thompson approached the rear entrance of the bank as it was about to open while Porter, the getaway driver, and Wright, the lookout, waited in their designated locations nearby. A bank employee was unlocking the rear door when Clayton ran up to her, pointed a handgun at her head, threatened to shoot her if she did not cooperate, and ordered her to open the door and turn off the alarm. Once inside the bank, Clayton continued to threaten the employee and point the gun at her head, while Thompson took $140,014 from the vault and the employee's teller drawer. Before leaving the bank, Clayton and Thompson bound the employee's hands behind her back and left her sitting on the floor.

Following his arrest in Ohio on October 16, 2013, Clayton was charged in a four-count indictment, which included the three counts set forth above and one count of conspiracy to commit bank robbery in violation of 18 U.S.C. §§ 2113(a) and 371. Clayton entered into a plea agreement under which the government agreed to dismiss the conspiracy charge.

Clayton's presentence investigation report (PSR) initially calculated a combined advisory sentencing range of 168 to 210 months' imprisonment for the

armed-bank-robbery and felon-in-possession-of-a-firearm offenses. But because the fifteen-year statutory minimum sentence for the felon-in-possession-of-a-firearm charge under 18 U.S.C. § 924(e) was greater than 168 months, the advisory sentencing range became 180 to 210 months' imprisonment. The PSR next incorporated Clayton's offense of brandishing a firearm in furtherance of a bank robbery, which carried a statutory minimum sentence of seven years' imprisonment, to be served consecutively to his other sentences. The seven-year term was added to the sentencing range, resulting in an effective advisory sentencing range of 264 to 294 months' imprisonment.

The PSR revealed that Clayton's first conviction was at age twelve for armed disorderly conduct and that he had accumulated four juvenile convictions for violent or weapons-related crimes. As an adult, he had been convicted of, among other offenses, burglary, auto theft, attempted armed robbery, resisting a peace officer, and intimidation with a dangerous weapon.

The PSR recounted Clayton's traumatic childhood, in which, among other deprivations, he received little support or supervision from his family and was subjected to both physical and emotional abuse, which included witnessing as a ten-year-old his mother being repeatedly physically abused by her boyfriend. Clayton had been diagnosed with Attention Deficit Hyperactivity Disorder (ADHD), Intermittent Explosive Disorder, Mild Mental Retardation, Post Traumatic Stress Disorder, and Environmental Disorder. He left school because of lack of interest after completing the ninth grade.

Clayton raised no objections to the PSR's sentencing calculations, but requested the statutory minimum sentence of 264 months' imprisonment, pointing to his traumatic childhood and arguing that the minimum sentence would keep him in prison until he was nearly sixty years old and thus would be sufficient to accomplish the goals of sentencing.

-3-

The district court sentenced Clayton to a term of 279 months' imprisonment, the middle of the Guidelines range. In doing so, the district court noted that this sentence was shorter than the high end of the Guidelines range that it had initially intended to impose, saying, "I'm willing to give you a little bit of relief, but it's solely because of your upbringing. . . . [T]he presentence is very revealing that, you know, you didn't have much of a chance." The district court noted that the factors weighing in favor of a longer sentence included Clayton's criminal history and the "aggravating circumstances of the offense," but that it "cut it back to the middle of the guidelines [because of your] difficult upbringing."

## II.

Clayton argues that the district court procedurally erred and that the sentence imposed was substantively unreasonable. We review the reasonableness of the sentence by first ensuring "that the district court committed no significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). We then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. Because Clayton did not object at sentencing, we review his procedural-error arguments only for plain error. See United States v. Hill, 552 F.3d 686, 690 (8th Cir. 2009) (standard of review).

## A. Procedural Error

Clayton argues that the district court's brief reference to Clayton's difficult childhood was insufficient to demonstrate that it had considered the "history and characteristics of the defendant" as required by § 3553(a)(1). Procedural error can include "failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. A district court need not "categorically rehearse" each of the § 3553(a) factors, however, "as long as it is clear that they were considered." United States v. Richart, 662 F.3d 1037, 1049 (8th Cir. 2011) (quoting

-4-

United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006)). It is sufficient that the record contain "evidence that the district court was aware of the relevant factors," and "[i]f a district court references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." Id. (quoting United States v. Perkins, 526 F.3d 1107, 1110-11 (8th Cir. 2008)). We look to "the entire sentencing record, not merely the district court's statements at the hearing." United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008).

From its statements recounted above, we are satisfied that the district court considered all of the relevant § 3553(a) factors. Although the court's discussion of the § 3553(a) factors was brief, the record shows that it was aware of the relevant factors and that it considered them in imposing sentence.

Clayton argues that the district court did not adequately explain the sentence it imposed because it did not discuss why it rejected Clayton's argument in favor of a sentence at the bottom of the Guidelines range. But we conclude that the district court's earlier-recounted statements about why it was imposing less than the high-end sentence that it had intended to impose adequately explained why it believed that a low-end sentence would be inadequate in light of Clayton's criminal history and his behavior during the bank robbery. Accordingly, we hold that the district court did not commit procedural error, plain or otherwise, in sentencing Clayton.

## B. Substantive Reasonableness

We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances. Gall, 552 U.S. at 51. "A district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies

-5-

outside the limited range of choice dictated by the facts of the case." United States v. San-Miguel, 634 F.3d 471, 475 (8th Cir. 2011) (quoting United States v. Jones, 509 F.3d 911, 913 (8th Cir. 2007)).

Clayton argues that his sentence is substantively unreasonable because the district court placed undue weight on Clayton's criminal history and insufficient weight on his childhood abuse, history of mental illness, and cognitive impairments. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." Id. at 476 (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009)). For all of the reasons earlier set forth, we conclude that the court did not commit a clear error of judgment by placing greater weight on some relevant factors and less weight on others than Clayton would have preferred.

Clayton argues that by imposing a sentence fifteen months longer than the statutory minimum, the district court failed to consider two relevant factors: (1) whether the sentence was "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]," and (2) whether the sentence would cause "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(2), (6). In light of Clayton's conduct during the bank robbery and his criminal history, the district court's decision to sentence Clayton to fifteen months longer than the statutory minimum does not represent a clear error of judgment. Finally, the cases cited by Clayton to support his sentencing-disparities argument involved defendants whose conduct and criminal histories are distinguishable from Clayton's.

The sentence is affirmed.

_____

-6-