# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1466

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Green

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted:  August 11, 2016
Filed: August 18, 2016
[Unpublished]

_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Kevin Green appeals after the district court[1] revoked his supervised release and sentenced him to a prison term within his advisory Guidelines range.  On appeal,

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

counsel argues that the district court improperly relied upon a sentencing factor that is listed in 18 U.S.C. § 3553(a)(2)(A), but not in 18 U.S.C. § 3583(e). In supplemental pro se filings, Green challenges the district court's factual findings and suggests that his sentence is unreasonable because the court purportedly imposed an above-Guidelines-range sentence without an adequate explanation. Additionally, his counsel has moved to withdraw.

Green did not raise the sentencing factor argument before the district court, so our review is for plain error. See United States v. Ruiz-Salazar, 785 F.3d 1270, 1272 (8th Cir. 2015) (per curiam). Because our circuit's precedent does not clearly establish that erroneously reciting the § 3553(a)(2)(A) sentencing factors in the revocation context is procedural error, United States v. Martin, 757 F.3d 776, 780 & n.2 (8th Cir. 2014), and because the district court also relied on the nature and circumstances of the offense in imposing the sentence requested by Green's counsel, we find no plain error here. As to Green's pro se arguments, we conclude that the district court's factual findings were not clearly erroneous, see United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009) (clear error review of district court's factual findings), and that his within-Guidelines-range sentence is not unreasonable, see United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (applying presumption of reasonableness to revocation sentence within Guidelines range); see also United States v. Melton, 666 F.3d 513, 517-18 (8th Cir. 2012) (referring to court-imposed time in residential reentry center as special condition of supervised release).

The judgment is affirmed. Counsel's motion to withdraw is granted.

_____