# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3944
_____

United States of America

*Plaintiff - Appellee*

v.

Jamie Lee Hunt

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: October 17, 2016
Filed: October 27, 2016
[Published]
_____

Before RILEY, Chief Judge, WOLLMAN and BENTON, Circuit Judges.
_____

PER CURIAM.

Jamie Lee Hunt pled guilty to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(b). He challenges the district

court's[1] denial of a two-level reduction for a minor role in the conspiracy, and his sentence as substantively and procedurally unreasonable. Having jurisdiction under 28 U.S.C.§ 1291, this court affirms.

Police were investigating a meth conspiracy operating in Minnesota, Texas, and Mexico. Part of the conspiracy was led by three Ortega brothers, each with his own sources and clientele. Hunt facilitated Salvador Ortega's distribution of meth in Minnesota. Hunt agreed to sell two ounces of meth to an undercover agent, saying he typically sold more but understood the agent wanted to sample the quality. Hunt sold another four ounces to the agent 12 days later, and police followed Hunt to a separate location where he met with Salvador Ortega. Hunt was indicted with ten others. He pled guilty. His base offense level was determined by the 164.8 grams of actual meth he sold the agent. Based on a range of 130 to 162 months, the district court sentenced him to 144 months' imprisonment.

## I.

Guideline 3B1.2 authorizes a two-level decrease if the defendant is a minor participant in any criminal activity. "Whether a defendant played a minor role is a question of fact, reviewed for clear error." *United States v. Young*, 689 F.3d 941, 946 (8th Cir. 2012). Hunt has the burden to prove he played a minor role. *Id.* The sentencing commission recently clarified: "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, App. Note 3(C) (as amended by Amendment 794, eff. Nov. 1, 2015).

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

The district court properly denied Hunt's request for a reduction under § 3B1.2. He claims he is less culpable than the average participant because he was caught selling meth only twice, and two co-defendants were responsible for significantly greater amounts of meth. However, Hunt admitted in the plea agreement to involvement in the conspiracy for over two and a half years. According to the presentence report, Hunt was operating with and for Salvador Ortega, who admitted distributing 45 pounds of meth. Hunt told the undercover agent that he typically did not sell smaller amounts (like what he sold him), and tests showed Hunt's meth was very pure. Before his arrest, Hunt contacted the agent about obtaining meth to take to another state. While the plea agreement held Hunt responsible for only the meth in the two controlled buys, he was not, as he says, "a minor dealer at the bottom level" during his two and a half years in the conspiracy. Hunt did not meet the burden to show less culpability than the average participant. *See United States v. Gomez-Valle*, 828 F.3d 324, 331 (5th Cir. 2016) ("Amendment 794 does not provide an affirmative right to a § 3B1.2 reduction to every actor but the criminal mastermind.").

## II.

Hunt objects to the sentence as procedurally and substantively unreasonable. "This court reviews sentences in two steps: first, for significant procedural error; and if there is none, for substantive reasonableness." *United States v. Martin*, 757 F.3d 776, 779 (8th Cir. 2014). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Hunt claims the district court procedurally erred by failing to adequately explain his sentence and to give full consideration to the § 3553(a) factors. Hunt did not object at sentencing. Review is for plain error. *United States v. Clayton*, 828 F.3d 654, 657 (8th Cir. 2016).

"In determining whether a district court committed procedural error, [w]e do not require a district court to provide a mechanical recitation of the § 3553(a) factors when determining a sentence. Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence." *Feemster v. United States*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotations omitted). This court looks to the entire record, not just the district court's statements at the hearing. *Clayton*, 828 F.3d at 657. At sentencing the district court said that

> applying all of the factors in 3553, those are the ones that I read in the record here a few moments ago, it's my judgment that a sentence of 144 months is the appropriate disposition in the case. That's 12 years in prison. I think it meets each of the factors that I am to take into account, neither too high or too low. It's a lengthy sentence. I'm not trying to disguise that. But I think under the circumstances of this case it is deserved.

The district court ruled on the PSR, heard argument from both parties at sentencing, and cited all the § 3553(a) factors at sentencing. The district court did not commit procedural error. *See United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir. 2009) (holding district court did not commit procedural error when record showed court had examined the PSR, heard oral argument from both sides, and was aware of section 3553(a) factors).

In the absence of procedural error, this court considers the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."

*Feemster*, 572 F.3d at 461. A district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id.*

Hunt claims the district court either did not address, or gave insufficient weight to, his mitigating circumstances—including his substance abuse and ADHD, that his longest prior sentence was only 60 months, that a lower sentence would avoid unwarranted sentencing disparities with co-defendants, and that his criminal history is "exaggerated." The district court considered and rejected these arguments submitted in Hunt's sentencing position paper, and again at sentencing. *See United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012) (presuming district court considered and rejected defendant's arguments raised in sentencing position memorandum and at sentencing hearing). The record supports the district court's rejection of Hunt's arguments. Hunt's extensive criminal history began at a young age, and he had completed different drug treatment programs in the past. Finally, Hunt's twin brother, who played a similar role in the conspiracy, was sentenced to 140 months for his involvement. Hunt's mid-range sentence is reasonable. *See United States v. San Miguel*, 634 F.3d 471, 475 (8th Cir. 2011) ("A sentence that falls within a properly calculated advisory guideline range . . . is presumptively reasonable on appeal.").

The judgment is affirmed.

_____