# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2379

_____

United States of America

*Plaintiff - Appellee*

v.

Edward Garcia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: May 18, 2018
Filed: July 18, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Edward Garcia pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). The district court[1]

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

sentenced Garcia to 120 months' imprisonment, followed by a three-year term of supervised release. Garcia appeals, challenging the procedural and substantive reasonableness of his sentence. We affirm.

On or about October 30, 2016, Springdale, Arkansas, police officers initiated a traffic stop of the vehicle Garcia was driving for having illegally tinted windows. After making contact, the officers determined that Garcia had an active warrant and placed him under arrest. Officers also arrested the passenger seated in the rear of the vehicle after determining that he, too, had an active warrant. The officers then searched the vehicle and located a bag containing suspected methamphetamine inside a flashlight that was under the driver's seat. Officers furthermore located a backpack in the back seat of the vehicle that contained a glass pipe with burnt methamphetamine residue, bags containing suspected methamphetamine, and a loaded gun. Officers also found rounds of ammunition in the immediate area of the vehicle where the passenger was sitting. Later testing of the suspected methamphetamine revealed that it was 9.5 grams of actual methamphetamine. Based on a total offense level of 21 and a criminal history category of VI, Garcia's recommended Guidelines range was 77 to 96 months. The district court varied upward in arriving at the imposed 120-month sentence.

This court "review[s] all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard." United States v. Pepper, 518 F.3d 949, 951 (8th Cir. 2008).

> "This court reviews sentences in two steps: first, for significant procedural error; and if there is none, for substantive reasonableness." United States v. Martin, 757 F.3d 776, 779 (8th Cir. 2014). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

sentence–including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007).

United States v. Hunt, 840 F.3d 554, 557 (8th Cir. 2016) (per curiam). "In reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the guideines de novo." United States v. Kirlin, 859 F.3d 539, 543 (8th Cir.) (quoting United States v. Bryant, 606 F.3d 912, 918 (8th Cir. 2010)), cert. denied, 138 S. Ct. 405 (2017). "In the absence of procedural error, this court considers the 'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" Hunt, 840 F.3d at 558 (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). An abuse of discretion occurs when a district court "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (quoting Feemster, 572 F.3d at 461).

The district court did not clearly err in arriving at its factual basis for the imposed sentence and did not abuse its discretion in the overall sentence imposed despite Garcia's claims that the district court relied upon erroneous facts when it arrived at its sentence and that the resulting sentence was substantively unreasonable. Specifically, as to the facts, Garcia claims the court erred in concluding that Garcia knew of the firearm in the vehicle at the time of the traffic stop. Garcia further challenges the court's determination that a metal shank discovered in Garcia's mattress in his cell while he was in custody belonged to Garcia.

At sentencing, the district court considered many factors when it varied upward from the suggested Guidelines sentence. The district court carefully noted the many mitigating factors present in Garcia's case, including the circumstances surrounding Garcia's upbringing and lack of parental guidance during his formative years, that

much of Garcia's criminal activity and disrespectfulness appeared to be a product of his youth and immaturity, and that the amount of methamphetamine involved in this case was relatively small, at least for a distribution case. Too, the district court discussed the myriad of aggravating factors present, including, among other considerations, that there was a loaded firearm in the car (notwithstanding that it was in a backpack in the back seat), that even after pleading guilty in the instant matter officers found a metal shank in Garcia's cell at the detention center, and the aggravating nature and extent of Garcia's criminal history already obtained at such a young age. The court read and considered the multiple letters submitted on Garcia's behalf. The court's colloquy is thorough in its recitation of the 18 U.S.C. § 3553(a) factors and we find no clear error in the factual determinations made by the court. The court did not abuse its discretion in arriving at the ultimate sentence imposed.

For these reasons, we affirm.

_____