# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1971
_____

United States of America

*Plaintiff - Appellee*

v.

Kira Leanne Fallis, also known as Kira Fallis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: May 17, 2019
Filed: August 14, 2019
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and KOBES, Circuit Judges.
_____

PER CURIAM.

Kira Fallis pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). After applying a thirty-five percent reduction pursuant to U.S. Sentencing Guidelines § 5K1.1, the district

court[1] arrived at an advisory range of 189 to 237 months in prison. The district court also decided to vary downward forty-five months, resulting in a 144 month sentence. Fallis appeals, claiming that her sentence is procedurally flawed and substantively unreasonable because the district court failed to consider her family circumstances. We affirm.

In March 2017, Fallis met Shannon Paxton, who had launched a methamphetamine trafficking organization in Des Moines. Fallis agreed to be Paxton's chauffeur because he did not have a driver's license. Paxton quickly elevated Fallis, eventually selecting her to manage the organization when he returned to jail a month later. During Paxton's detention, Fallis communicated with him and carried out his instructions, kept his "black book" containing detailed notes about the organization, contacted his main supplier, collected money for drug debts, made payments on these debts, divided drugs between herself and co-conspirators, and carried a firearm.

At sentencing, the district court and the parties emphasized the unique nature of this case. Fallis held a leadership role in this "huge conspiracy" and committed serious crimes. Sent. Tr. at 19. Yet Fallis also had virtually no previous criminal history, was influenced by Paxton, and was addicted to methamphetamine. The court also stated that it read the presentence investigation report, considered the § 3553(a) factors, and noted that Fallis has "two wonderful children" whose fathers are in prison and are "not good men." Id. at 20. Finally, the court underscored the need to keep "Fallis'[s] sentence in balance with all the other co-defendants in this case." Id. at 21. Weighing this together, the court imposed a sentence between the ten-year mandatory minimum and the low end of Fallis's adjusted Guidelines range.

---

[1] The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

We review a district court's sentence in two steps: first, we address whether the court committed a procedural error and, second, we determine whether the sentence is substantively reasonable. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Examples of procedural error include: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

The parties dispute which standard we should apply when reviewing Fallis's sentence for procedural error. Normally, we examine the district court's interpretation and application of the Guidelines *de novo* and employ a clear error standard for the district court's factual findings. United States v. Godfrey, 863 F.3d 1088, 1095 (8th Cir. 2017) (citation omitted). But where a defendant "fail[s] to object at sentencing to any alleged procedural sentencing error . . . the error is forfeited and may only be reviewed for plain error." United States v. Wohlman, 651 F.3d 878, 883-84 (8th Cir. 2011) (citation omitted).

Fallis argues that the district court committed procedural error by failing to consider the § 3553(a) factors and to address, in its explanation of her sentence, the unique harm her children will experience from her imprisonment because she is a single-parent. Citing cases from sister circuits, Fallis contends that she did not need to reintroduce these arguments after the court announced her sentence to preserve them on appeal because she articulated them during her mitigation case. Compare United States v. Bartlett, 567 F.3d 901, 910 (7th Cir. 2009) (stating that the "rules do not require a litigant to complain about a judicial choice after it has been made"); with United States v. Vonner, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc) (suggesting that challenges to the "adequacy of the court's explanation for the sentence" ripen *after* "the court finishe[s] announcing its proposed sentence"). To the extent Eighth Circuit precedent requires a defendant to present her mitigation

-3-

arguments post-sentence, see United States v. Gray, 533 F.3d 942, 945 (8th Cir. 2008) and United States v. Wiley, 509 F.3d 474, 476-77 (8th Cir. 2007), Fallis asks us to overrule it.

Not only may we not overrule the decisions of prior panels, see Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc), it is unnecessary to reach this argument because Fallis's procedural claims fail under either standard. Though the district court did not explicitly mention the impact Fallis's imprisonment would have on her children, it did indicate that it (a) was aware of her children, (b) was aware their fathers were in prison, and (c) had read the presentence investigation report, which contained information about the guardianship of her children. District courts need not mechanically recite every § 3553(a) factor, United States v. Townsend, 617 F.3d 991, 994 (8th Cir. 2010), nor need they specifically address every argument a defendant makes in his mitigation case, United States v. Dace, 660 F.3d 1011, 1014 (8th Cir. 2011). Instead, a court's explanation must "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decision making authority." Rita v. United States, 551 U.S. 338, 356 (2007). Here, the district court reasonably focused its explanation on Fallis's role, the serious nature of her offenses, her minimal criminal history, Paxton's negative influence on Fallis, and the need to balance her sentence with those of her co-conspirators. We find no error—plain or other—in the district court's sentence.

Second, Fallis argues that her sentence is substantively unreasonable because the district court either failed to consider her unique family circumstances or did not give this factor enough weight. We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. Feemster, 572 F.3d at 461. "[S]ubstantive appellate review in sentencing cases is [usually] narrow and deferential." Id. at 464. Our deference to the district court is even more pronounced where, as here, the defendant received a below-the-Guidelines sentence. See United

States v. Merrell, 842 F.3d 577, 585 (8th Cir. 2016).  As noted above, the record indicates that the district court considered Fallis's family situation when calculating her sentence.  Moreover, in light of the other significant factors the court highlighted in explaining the reasoning behind Fallis's sentence, we see no reason to believe that the court improperly weighed this factor.  See United States v. Clayton, 828 F.3d 654, 658 (8th Cir. 2016) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.").

The district court's below-the-Guidelines sentence was procedurally sound and well within the range of reasonableness.  We affirm.

_____