# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1849
_____

United States of America

*Plaintiff - Appellee*

v.

Derek Eugene Altmayer

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: March 9, 2020
Filed: June 17, 2020
[Unpublished]
_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Derek Eugene Altmayer pleaded guilty to being an unlawful user of a controlled substance in possession of firearms in violation of 18 U.S.C. §§ 922(g)(3)

& 924(a)(2). The district court[1] sentenced him to 30 months in prison, a 27-month downward variance from his Guidelines range. Altmayer appeals, arguing that his sentence is substantively unreasonable. We affirm.

Law enforcement officers discovered thousands of rounds of ammunition and 160 firearms during a search of Altmayer's family's house. Most of the guns were in safes, but several were loaded and in living areas of the home. Altmayer, who used marijuana daily, was agitated and emotional during the search. He protested when officers seized marijuana and told them he would get more after they left. When officers returned a month later and arrested Altmayer for possessing firearms while using marijuana, they found a shotgun in his bedroom. Altmayer was again combative and failed to follow the officers' verbal commands.

We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (citation omitted).

Altmayer first says that the district court abused its discretion by giving significant weight to improper factors. Prior to sentencing, Altmayer's mother filed a claim to recover the seized firearms. The district court commented on her claim, noting that it undermined Altmayer's argument that he would not have access to firearms if given probation. The court also mentioned its concern that Altmayer and his mother failed to appreciate the seriousness of the offense, observed that there were

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

-2-

large amounts of gold, cash, and ammunition in the house, and asked whether the family was preparing for a "siege."

The district court's explanation of the sentence focused on the proper factors: the number of firearms and ammunition in Altmayer's control while using marijuana, his failure to appreciate the seriousness of his offense, and the need to prevent sentencing disparities between similarly-situated defendants. See 18 U.S.C. § 3553(a). The court's comment about his mother's efforts to reclaim the guns related to Altmayer's continuing access to firearms. Moreover, the court expressly noted it was not holding Altmayer responsible for his mother's actions, saying: it "is not . . . [his] fault what mom is up to." Sent. Tr. 21. The district court's observations about the combination of gold, cash, guns, and ammunition, and its concern about a "siege," were part of the court's attempt to determine whether Altmayer presented a continuing threat to the public; or if, as Altmayer claimed, the guns were merely family heirlooms. The court was within its discretion to consider the full range of facts surrounding Altmayer's conduct before deciding on a sentence.

Altmayer next argues that the court abused its discretion in weighing the sentencing factors. "[W]hen a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Merrell, 842 F.3d 577, 585 (8th Cir. 2016). Here, the district court carefully compared facts like Altmayer's minimal criminal history and his contributions to the community with the various aggravating factors noted above and decided against a further downward variance. This decision was well within the court's "wide latitude" to decide how to weigh § 3553(a)'s factors. United States v. Clayton, 828 F.3d 654, 658 (8th Cir. 2016). We affirm.

_____