# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1725
_____

United States of America

*Plaintiff - Appellee*

v.

Kasey Charles Konzem

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: October 5, 2020
Filed: October 8, 2020
[Unpublished]
_____

Before GRUENDER, WOLLMAN, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Kasey Konzem appeals after he pleaded guilty to a drug offense. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738

(1967), challenging the district court's[1] denial of a mitigating-role reduction and the substantive reasonableness of Konzem's sentence. Konzem has filed a motion to proceed pro se in this court and has submitted a pro se brief challenging the voluntariness of his plea and the factual basis for his plea. He also asserts that he received ineffective assistance of counsel.

After careful review, we conclude that the district court did not clearly err in declining to apply a mitigating-role reduction. *See United States v. Hunt*, 840 F.3d 554, 557 (8th Cir. 2016) (standard of review). We also conclude that the district court did not abuse its discretion in sentencing Konzem, as the record indicates that the district court properly considered the 18 U.S.C. § 3553(a) factors. *See United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013) (stating that under a substantive-reasonableness review, the district court abuses its discretion if it "fails to consider a relevant factor," "gives significant weight to an improper or irrelevant factor," or "commits a clear error of judgment" in weighing the factors).

As to Konzem's pro se arguments, we conclude that his statements at the plea hearing establish that he knowingly and voluntarily entered into the plea agreement and that there was an adequate factual basis for the plea. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) ("[T]he defendant's representations during the plea-taking carry a strong presumption of verity."); *see also United States v. Cheney*, 571 F.3d 764, 769 (8th Cir. 2009) (stating that the record must contain sufficient evidence at the time of the plea upon which the court may reasonably determine that the defendant likely committed the offense). We defer any ineffective-assistance claims for collateral proceedings. *See United States v. McAdory,* 501 F.3d 868, 872 (8th Cir. 2007). Further, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

for appeal.  Accordingly, we grant counsel's motion to withdraw, deny the motion to proceed pro se as moot, and affirm.

_____