# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2111
_____

United States of America

*Plaintiff - Appellee*

v.

Shaquandis Thurmond

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: October 31, 2022
Filed: November 3, 2022
[Unpublished]
_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Shaquandis Thurmond appeals after the district court[1] revoked his supervised release and sentenced him to 11 months in prison, to be followed by 2 years of

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

supervised release. His counsel has moved to withdraw and has filed a brief challenging the reasonableness of the sentence.

After reviewing the record under a deferential abuse-of-discretion standard of review, see United States v. Miller, 557 F.3d 910, 915-16 (8th Cir. 2009), we conclude the district court did not impose an unreasonable sentence. The sentence is below the statutory limits, see 18 U.S.C. § 3583(b)(2), (e)(3), (h), and is presumptively reasonable because it falls within the applicable policy statement range in the United States Sentencing Guidelines Manual, see U.S.S.G. § 7B1.4(a); United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009). The court sufficiently considered the statutory sentencing factors and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors. See 18 U.S.C. § 3583(e); Miller, 557 F.3d at 917; see also United States v. Clayton, 828 F.3d 654, 658 (8th Cir. 2016). Thurmond cannot now complain about his supervised-release sentence because it is what he asked for and received. See United States v. Thompson, 289 F.3d 524, 526 (8th Cir. 2002); see also United States v. Smalley, 846 Fed. Appx. 422, 422 (8th Cir. 2021) (per curiam). Regardless, the court's decision to sentence him above the probation officer's non-binding recommendation does not make his sentence unreasonable. See United States v. Wrice, 834 Fed. Appx. 301, 302-03 (8th Cir. 2021) (per curiam).

Accordingly, we affirm the judgment and grant counsel's motion to withdraw.

_____