# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-3167

_____

United States of America

*Plaintiff - Appellee*

v.

Miguel Rodriguez-Chavez

*Defendant - Appellant*

_____

No. 22-3173

_____

United States of America

*Plaintiff - Appellee*

v.

Miguel Rodriguez-Chavez

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: February 6, 2023
Filed: February 9, 2023
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Miguel Rodriguez-Chavez appeals the sentences the district court[1] imposed after he pleaded guilty to unlawful reentry and his supervised release was revoked. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentences are substantively unreasonable, when considered individually and in combination.

After reviewing the record under a deferential abuse-of-discretion standard, see Gall v. United States, 552 U.S. 38, 41, 51 (2007); United States v. Miller, 557 F.3d 910, 915-16, 917 (8th Cir. 2009), we conclude the district court did not impose substantively unreasonable sentences. The sentences were within the statutory maximums, see 8 U.S.C. § 1326(b); 18 U.S.C. § 3583(b)(2), (e)(3), and the revocation sentence was also presumptively reasonable because it fell within the applicable advisory range under the sentencing guidelines, see U.S.S.G. § 7B1.4(a); United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009). The court considered the statutory sentencing factors and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors, including those discussed in the Anders brief. See 18 U.S.C. §§ 3553(a), 3583(e); United States v. Feemster, 572 F.3d 455, 461, 464 (8th Cir. 2009) (en banc). Although the court gave those factors less weight than Rodriguez-Chavez preferred, it acted within its wide discretion. See United States

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

-2-

v. Hernandez-Pineda, 849 F.3d 769, 771-73 (8th Cir. 2017); United States v. Clayton, 828 F.3d 654, 658 (8th Cir. 2016); United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal.

Accordingly, we affirm the judgment of the district court and grant counsel's motion to withdraw in both cases.

_____