# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2776

_____

United States of America

*Plaintiff - Appellee*

v.

Stacy A. Farmer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: December 15, 2025
Filed: January 26, 2026
[Unpublished]

_____

Before LOKEN, SMITH, and KOBES, Circuit Judges.

_____

PER CURIAM.

In 2015, Stacy A. Farmer completed his prison sentence for failure to register as a sex offender, 18 U.S.C. § 2250(a). Since then, his supervised release has been revoked three times, most recently for use of a controlled substance and failure to

reside and participate in a residential re-entry program. The district court[1] calculated a 6- to 12-month Guidelines range then varied up, sentencing him to 24 months in prison with no further supervised release.

Farmer appeals, arguing that the district court committed procedural error by failing to consider the relevant 18 U.S.C. § 3553(a) factors and failing to adequately explain the sentence. While its explanation was short, the district court did not plainly err. United States v. Maxwell, 664 F.3d 240, 246 (8th Cir. 2011) (reviewing for plain error when defendant did not object below). The court read the presentence report, listened to Farmer's statements, discussed his challenges with alcoholism and his health, and acknowledged that Farmer had not engaged in further criminal activity. See United States v. Hunt, 840 F.3d 554, 557–58 (8th Cir. 2016) (per curiam) (explaining that "[t]his court looks to the entire record, not just the district court's statements at the hearing" when determining whether the district court committed procedural error). It also noted his criminal history and that "[t]his is his third revocation." That was enough. See id.; see also United States v. Holmes, 87 F.4th 910, 915 (8th Cir. 2023) ("[T]he district court need only 'set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" (quoting Rita v. United States, 551 U.S. 338, 356 (2007))).

Farmer also argues the sentence was substantively unreasonable given the facts of the case, particularly his commitment to sobriety. Because Farmer presented those facts below, we "presume that the district court considered and rejected them." United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011) (citation omitted). Farmer also asked the district court not to receive more supervised release. Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," we conclude that the district court did not abuse its discretion in varying up and sentencing Farmer to 24 months. United States v.

---

[1] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

<u>Feemster</u>, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (quoting <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007)).

Affirmed.

_____