# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3766
_____

United States of America

*Plaintiff - Appellee*

v.

Kelley Dull

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 16, 2015
Filed: April 14, 2016
[Unpublished]

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Kelley Dull to 12 months' imprisonment, with no term of supervised release to follow, after Dull violated the conditions of her

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

supervised release. Dull argues that the district court abused its discretion by considering factors from 18 U.S.C. § 3553(a)(2)(A), which are not listed as factors for the district court to consider in post-revocation sentencing under 18 U.S.C. § 3583(e). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Dull pled guilty to wire fraud, and the district court sentenced her to six months' imprisonment and three years of supervised release. On July 12, 2013, Dull began her term of supervision. On September 24, 2014, the United States Probation Office filed a violation report alleging that Dull had failed to pay restitution and had unlawfully used a controlled substance and alcohol. Dull stipulated to the three violations of her supervised release. The district court requested recommendations from the parties. The government requested a sentence of 12 months' imprisonment, and Dull requested that the court either continue her supervised release or impose a sentence at the lower end of the United States Sentencing Commission's Chapter 7 policy guideline range of three to nine months. After hearing arguments from both parties, the district court sentenced Dull to 12 months' imprisonment with no supervised release to follow.

Dull did not challenge the district court's consideration of § 3553(a)(2)(A), yet she argues that our standard of review should be de novo because we are confronted with a question of law, specifically whether the district court misapplied the guidelines by considering § 3553(a)(2)(A) factors, which are not listed in § 3583(e). Generally, we review a revocation sentence under the same "deferential abuse-of-discretion" standard that we apply to initial sentencing proceedings, evaluating both the substantive reasonableness of the sentence and procedural soundness of the district court's decision. United States v. Young, 640 F.3d 846, 848 (8th Cir. 2011) (per curiam). An error of law is an abuse of discretion. United States v. Fonder, 719 F.3d 960, 961 (8th Cir. 2013). However, where the defendant fails to raise procedural objections at sentencing, we review a claim of procedural error for plain error only. United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009).

"To establish plain error, [Dull] must prove that (1) there was error, (2) the error was plain, and (3) the error affected [her] substantial rights." Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)). We will exercise our discretion to correct an unpreserved procedural error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (quoting United States v. Young, 470 U.S. 1, 15 (1985)). "An error affects a substantial right if the error was prejudicial." Miller, 557 F.3d at 916 (citing Olano, 507 U.S. at 734). An error is prejudicial where there is "a reasonable probability that the defendant would have received a lighter sentence but for the error." Id. (citing United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005) (en banc)).

Dull contends that the district court erred by mentioning § 3553(a)(2)(A) factors – the seriousness of the violation, the need to promote respect for the law, and the need to provide just punishment for the offense – in its rationale for the sentence. Although § 3583(e) omits these factors, consideration of the factors is not explicitly prohibited. We acknowledge that there is a circuit split as to whether post-revocation sentencing under § 3583(e) permits consideration of the factors in § 3553(a)(2)(A). See United States v. Clay, 752 F.3d 1106, 1108-09 (7th Cir. 2014) (discussing the circuit split). Nevertheless, this court need not address the split in this case because, unlike other circuits, we have never held that a district court's consideration of § 3553(a)(2)(A) factors when sentencing under § 3583(e) is a procedural error. Thus, even assuming it was error, the error is not plain.

Furthermore, the district court's reference to these factors is inconsequential because the district court imposed Dull's sentence after evaluating her conduct under several § 3553(a) factors that § 3583(e) specifically enumerates. In particular, the court considered the nature and circumstances of Dull's offense; Dull's history and characteristics; the need for her sentence to afford adequate deterrence and protect the public from future crimes; and that efforts to provide treatment to her while on supervised release have not been successful or made an impact. See § 3553(a)(1);

-3-

§ 3553(a)(2)(B)-(D); <u>see</u> <u>also</u> § 3583(e) (listing § 3553(a)(1), (a)(2)(B),(a)(2)(C), and (a)(2)(D) as factors that a court is to consider in post-revocation sentencing).

Moreover, the district court's reference to the seriousness of the violation, as well as the need to promote respect for the law and provide just punishment for the offense, did not affect Dull's substantial rights. These § 3553(a)(2)(A) factors did not predominate the court's analysis, and the court sufficiently considered the permissible § 3553(a) factors when imposing Dull's sentence. Dull has not satisfied her burden to show that if the district court had not referenced the § 3553(a)(2)(A) factors, there is a reasonable probability that Dull would have received a more favorable sentence. <u>See</u> <u>United States v. Means</u>, 365 F. App'x. 720, 723 (8th Cir. 2010) (unpublished per curiam) (citing <u>Pirani</u>, 406 F.3d at 553).

Accordingly, we affirm the judgment of the district court.

_____