# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1404

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua James Baeten

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 6, 2017
Filed: June 22, 2017
[Unpublished]

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Joshua Baeten engaged in online correspondence with someone he believed to be an 11-year-old girl. During their conversations, Baeten told her he liked young girls, sent her pornographic images, and asked her "how much sexual experience" she had. Ultimately, Baeten mailed the girl a webcam with the expectation that he could watch as she and her 13-year-old sister "messed around." As it turned out, there was

no 11-year-old girl. Baeten had been communicating with an undercover agent posing as a minor. After Baeten mailed the webcam, it was seized by law enforcement, who then executed a search warrant at Baeten's home. There, officers found over 600 images of child pornography on various electronic devices. Baeten pleaded guilty, pursuant to an Information, to one count of coercion and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) ("Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be . . . imprisoned not less than 10 years or for life.").

At sentencing, the district court[1] imposed a below-guidelines sentence of 200 months' imprisonment, and a term of life on supervised release. Baeten appeals, arguing the district court erred in considering an irrelevant or improper factor in violation of 18 U.S.C. § 3553(a). There has been some confusion in this circuit regarding the proper standard of review to apply in cases where, as here, the defendant failed to contemporaneously object to the court's consideration of a purportedly improper or irrelevant factor. See United States v. Kouangvan, 844 F.3d 996, 999 (8th Cir. 2017). Compare United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009) (reviewing for substantive reasonableness under plain-error standard) and United States v. Burnette, 518 F.3d 942, 949 (8th Cir. 2008) (reviewing for procedural error under plain-error standard), with United States v. Mees, 640 F.3d 849, 856 (8th Cir. 2011) (reviewing for substantive reasonableness under abuse-of-discretion standard). But "[w]e need not resolve the apparent conflict . . . because [Baeten] is not entitled to relief even if we leave the heightened plain-error standard aside and simply review for abuse of discretion." Kouangvan, 844 F.3d at 999.

---

[1]The Honorable Joan N. Ericksen, United States District Court Judge for the District of Minnesota.

In support of his appeal, Baeten focuses on one statement the district court made at sentencing, which he considers improper: "I'm reluctant to vary very much downward because the crime that you committed would have, as the government said, caused incalculable damage [had the undercover agent been a real child]." According to Baeten, he "should have been sentenced for what he did, and not based upon what would have been the damage to a real child victim." As an initial matter, we note there need not be an actual minor victim involved to support a conviction for attempt under § 2422(b). United States v. Helder, 452 F.3d 751, 756 (8th Cir. 2006) ("[A]n actual minor victim is not required for an attempt conviction under § 2422(b)."). Because the attempt portion of the statute does not distinguish between actual minor victims and undercover agents posing as minors, Baeten was in fact sentenced for what he did— knowingly attempting to entice or coerce a minor into engaging in sexual activity. See id. at 755 ("The mens rea requirement of knowledge refers to the defendant's subjective intent—it is what is in the mind of the defendant. . . . That he was mistaken in his knowledge is irrelevant." (quotations and citation omitted)).

The district court noted that Baeten had previously been on the sex offender registry for ten years, but he had "learned the wrong things, not the right things," made evident by his recent conduct. In this context, the district court's comment is legitimately directed to permissible statutory sentencing factors, including Baeten's history of communicating with minor girls about sexual activity, the need for the sentence to reflect the serious potential danger associated with this type of conduct, and the need to protect the public from someone the court considered "a danger to the community." See 18 U.S.C. § 3553(a). The district court did not abuse its discretion in considering the potential harm that could have resulted had Baeten's offense been carried out with an actual minor victim when imposing a below-guidelines sentence.

The judgment of the district court is affirmed.

_____