# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2323

_____

United States of America,

*Plaintiff - Appellee,*

v.

Derik R. Cantrell,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 18, 2018
Filed: September 12, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After Derik Cantrell violated the terms of his supervised release, the district court[1] sentenced him to 24 months' imprisonment, followed by five years of

_____

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

supervised release. Cantrell argues that the district court improperly considered 18 U.S.C. § 3553(a)(2)(A) when it imposed his post-revocation sentence. He also contends that the district court impermissibly punished him for the criminal conduct underlying his violations. Finally, Cantrell argues that his sentence is unreasonably long. We conclude that there was no error or abuse of discretion, and we therefore affirm.

Cantrell pleaded guilty to possession of methamphetamine and marijuana with intent to distribute, and the district court sentenced him to 33 months' imprisonment and three years of supervised release. On January 15, 2015, Cantrell began his term of supervision. In February 2015 and July 2016, the probation office filed violation reports alleging that Cantrell had used marijuana and driven under the influence of alcohol. The district court modified the conditions of Cantrell's release based on these violations.

On April 25, 2017, the probation office filed a new violation report, alleging that Cantrell had violated several conditions of supervision requiring that he (1) not commit another federal, state, or local crime, (2) refrain from excessive alcohol use and possession or use of a controlled substance, (3) not associate with felons or persons engaged in criminal activity, and (4) truthfully answer all inquiries made by his probation officer. The report detailed that on the night of April 23, police were dispatched to respond to a bar fight. The parties involved in the bar fight fled the scene, and a car chase ensued. The suspect vehicle did not stop in response to emergency sirens and proceeded to a wooded area. The passenger and driver then fled from the vehicle, but police later identified Cantrell as the driver. Cantrell was charged with several crimes, including resisting arrest and possession of drug paraphernalia.

On May 30, 2017, Cantrell appeared before the district court for a revocation hearing. He stipulated that the government could prove the first two violations, and

admitted the second two violations. The court found that Cantrell had violated the terms of his supervision and determined an advisory guideline range of four to ten months' imprisonment. After hearing argument from both parties, the court varied upward and imposed a sentence of 24 months' imprisonment—the statutory maximum—with five years of supervised release to follow. *See* 18 U.S.C. § 3583(e)(3).

Cantrell's first argument on appeal is that the district court improperly considered the need for the sentence "to promote respect for the law," because he says that factor is relevant only to an original sentencing under § 3553(a)(2)(A). Cantrell did not object to consideration of this factor in the district court, but now says that no objection was necessary, because he is challenging the substantive reasonableness of his sentence. We have said that a defendant need not make an after-the-fact objection when challenging the reasonableness of the *length* of a sentence, *see United States v. Wiley*, 509 F.3d 474, 476-77 (8th Cir. 2007), but Cantrell does not merely complain about the duration of his prison term. He disputes the district court's consideration of a statutory factor. Whether this argument is better viewed as an attack on the procedural soundness of the court's decision or on the reasonableness of the sentence, Cantrell was required to present the issue at sentencing so the district court could address the matter. Cantrell forfeited this challenge by failing to raise it before the district court, so we review for plain error. *United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009).

To establish plain error, Cantrell must prove that there was an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993). Cantrell contends that the district court erred in considering the need for a sentence to promote respect for the law, because courts are not permitted to consider that factor—derived from § 3553(a)(2)(A)—when imposing a post-revocation sentence under § 3583(e). While it is true that § 3583(e) omits mention of

-3-

§ 3553(a)(2)(A), "there is a circuit split as to whether post-revocation sentencing under § 3583(e) permits consideration of the factors in § 3553(a)(2)(A)." *United States v. Dull*, 641 F. App'x 669, 671 (8th Cir. 2016) (per curiam) (citing *United States v. Clay*, 752 F.3d 1106, 1108-09 (7th Cir. 2014)). Having considered the differing views, we conclude that Cantrell's position is at least subject to reasonable dispute, and the district court did not commit an obvious error by siding with those courts who say that consideration of § 3553(a)(2)(A) is permissible.

Cantrell also contends that the district court impermissibly imposed a 24-month sentence to punish him for the criminal conduct underlying his violations. He quotes the Sentencing Commission's statement that a revocation sentence is "intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision, leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense." USSG Ch.7, Pt.A, 3(b). Cantrell did not raise this objection in the district court after the court explained its rationale, and he therefore failed to give the court an opportunity to address the intent of the sanction. We review Cantrell's contention for plain error.

As evidence that the district court punished him for his new criminal conduct rather than for violations of conditions, Cantrell cites the district court's statement that it would sentence Cantrell to 20 years' imprisonment if it could, because Cantrell "put[] every living thing on the road in danger" when he fled the police. But protection of the public is a factor that the sentencing court may consider under § 3583(e) at a revocation proceeding, and the court's comment fits comfortably under this factor. We are not convinced that the court's rationale runs contrary to the guidance of the Sentencing Commission, and we conclude that there was no plain error or abuse of discretion.

Finally, Cantrell contends that his 24-month sentence is substantively unreasonable because the conduct underlying his violations was not particularly

egregious and does not support a sentence more than twice the high end of the advisory guideline range. We review the reasonableness of the length of Cantrell's sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and see no abuse of discretion here.

The court gave appropriate consideration to the relevant factors, sufficiently explained its reasoning for the variance, and imposed a sentence within the statutory limits. The court voiced concerns that Cantrell posed a danger to the public in light of his apparent disregard for human life, and also considered Cantrell's history of fleeing from the police before the violation in question. The court acted within its discretion when it selected a term of 24 months' imprisonment, followed by five years of supervised release.

The judgment of the district court is affirmed.

_____