# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3663

_____

United States of America

*Plaintiff - Appellee*

v.

Lee Hall, III

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith Division

_____

Submitted: November 12, 2018
Filed: July 25, 2019

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Lee Hall, III, appeals the sentence of 21 months of imprisonment imposed for his uncontested violation of one of his supervised release conditions. Hall argues the district court's[1] decision to vary upward from the recommended range in the U.S.

_____

[1]The Honorable P.K. Holmes, III, then Chief Judge, United States District Court for the Western District of Arkansas, now United States District Judge for the Western District of Arkansas.

Sentencing Guidelines Manual ("Guidelines") was reversible error. We disagree and affirm.

After serving 27 months of imprisonment for failure to register as a sex offender, Hall was released from custody to five years of supervised release in late 2015. Beginning in July 2017, police in Fayetteville, Arkansas, began investigating a pimp who they ultimately determined to be Hall. This led to his arrest in August 2017. Hall's federal probation officer then petitioned for a hearing, alleging Hall had violated his supervised release condition that prohibited commission of another federal, state, or local crime. At his hearing, Hall pled no contest to the allegation that he violated the law by promoting prostitution. Because this was a Grade B violation, the Guidelines recommended a revocation sentence of 8 to 14 months of imprisonment. Both Hall and the Government recommended a sentence of 14 months. The district court rejected the joint recommendation and varied upward to 21 months of imprisonment, followed by no further supervised release.

On appeal, Hall raises three challenges to his sentence. First, he argues the district court considered improper factors in determining his sentence. This argument is premised on the requirement that when deciding whether to revoke a term of supervised release and require the defendant to serve all or part of the term in prison, the court is to consider those factors from 18 U.S.C. § 3553(a) that are listed in 18 U.S.C. § 3583(e). Hall invites this court to pick his preferred side in a purported circuit split over whether a district court may also consider the remaining factors from § 3553(a) that are not listed in § 3583(e).[2] Specifically, he argues the district court improperly considered the factors set forth in § 3553(a)(2)(A). Second, Hall argues

---

[2] 18 U.S.C. § 3583(e) references all of the sentencing factors in § 3553(a) with the exception of § 3553(a)(2)(A) ("the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and § 3553(a)(3) ("the kinds of sentences available").

the district court failed to consider that this was his first violation of his supervised release.  Finally, he argues the district court erred in weighing the remaining factors.

We review revocation sentences under the same deferential abuse of discretion standard that we apply to initial sentencing proceedings.  *United States v. Richey*, 758 F.3d 999, 1001 (8th Cir. 2014).  Although revocation sentences are determined under the policy statements in Guidelines § 7 rather than the typical criminal Guidelines, we have given the same deference to sentences imposed under either regime.  *See, e.g.*, *United States v. Valure*, 835 F.3d 789, 791 (8th Cir. 2016); *see also* 18 U.S.C. § 3553(a)(4)(B) (requiring that courts consider "the applicable guidelines or policy statements" in any revocation sentence).

Our analysis is performed in two steps: "first, [we review] for significant procedural error; and if there is none, for substantive reasonableness."  *United States v. Martin*, 757 F.3d 776, 779 (8th Cir. 2014) (*quoting United States v. Williams*, 624 F.3d 889, 896 (8th Cir. 2010)).  If an alleged procedural error was not raised in the district court, we review it for plain error.  *See United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009).  If there is no procedural error, we then review a sentence for reasonableness in relation to the advisory sentencing range and the factors from § 3553(a) that are cited in § 3583(e).  *See United States v. Nelson*, 453 F.3d 1004, 1006 (8th Cir. 2006).

Hall's first argument invites us to follow what he characterizes as other circuits' views on the use of the § 3553(a) factors not cited in § 3583(e).  While it is true this court once referenced a split among the circuits as to this issue, *Martin*, 757 F.3d at 780 n.2, it appears from recent clarifications in the Second and Fifth Circuits that the split may be ending.[3]  Like those circuits, we have found no error where the

---

[3]The Second Circuit recently clarified its position on this issue.  It previously suggested in dicta that it would allow any use of the excluded factors in sentencing determinations, but it has now clarified it would not apply such an approach when it

district court's use of the excluded factors was "immaterial" and where it "focused primarily on [the defendant's] history and characteristics." *Id.* at 780.

We note this issue could be raised either as the procedural error of considering an improper factor or as the substantive error of giving significant weight to an improper factor in imposing a sentence. This court en banc has stated "[a] district court abuses its discretion when it . . . 'gives significant weight to an improper or irrelevant factor.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009), *rev'd on other grounds*, 562 U.S. 1267 (2011)). We have treated the district court's giving significant weight to an improper or irrelevant factor as a substantive reasonableness issue. *See, e.g.*, *United States v. Godfrey*, 863 F.3d 1088, 1099 (8th Cir. 2017); *United States v. Goodon*, 742 F.3d 373, 376 (8th Cir. 2014). We leave for another day the question of whether this error is better addressed as a procedural or substantive error. *See United States v. Dull*, 641 F. App'x 669 (8th Cir. 2016) (unpublished); *Martin*, 757 F.3d at 780. Because Hall only raises the issue of substantive reasonableness, and because the Government agrees with that characterization of his appeal and with his assertion that abuse of discretion review applies, we only review for substantive error.

---

is dispositive in the case. *See, e.g.*, *United States v. Burden*, 860 F.3d 45, 56–57 (2d Cir. 2017) (distinguishing *United States v. Williams*, 443 F.3d 35, 47 (2d Cir. 2006) by characterizing it as addressing whether a district court *primarily* relied on an excluded factor). This clarification is consistent with the statutory canon of *expressio unius est exclusio alterius*. The statute's express listing of all but two of the § 3553(a) factors necessarily excludes the omitted factors. *See N.L.R.B. v. SW Gen., Inc.*, 137 S. Ct. 929, 940 (2017) (discussing *expressio unius* canon).

The Fifth Circuit also clarified it is not part of any circuit split on this issue. It previously suggested in dicta that it would prohibit any use of the excluded factors, but its more recent case law clarified it did not apply such a per se rule under the standard of review for sentencing appeals. *See, e.g.*, *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2015).

Hall is correct that the district court sentenced him in part based on the need to promote respect for the law, which is not a factor included for revocation sentences. However, on abuse of discretion review for substantive reasonableness, we examine for whether the district court "g[ave] *significant* weight to an improper or irrelevant factor." *Feemster*, 572 F.3d at 461 (emphasis added). The district court extensively discussed the nature and circumstances of the offense as compared to the defendant's criminal history, both of which are permissible factors for revocation sentences. Then, it mentioned the need to protect the public from further crimes and the need to promote respect for the law as additional reasons supporting its sentence. Consequently, this is an instance of using an excluded factor only as an insignificant justification. We see no substantive error in giving insignificant weight to the excluded factor. Thus, we conclude the district court did not abuse its discretion.

Hall's second argument is mere disagreement with the weight the district court gave to Hall's record on supervised release. The district court noted Hall had been on supervised release for a year and a half before committing the instant violation. Then, it weighed the fact this was Hall's first offense since his release against the countervailing fact that this violation was another sex offense in a criminal history including multiple sex offenses. While we have repeatedly stated that variances are appropriate based on repeated violations of supervised release, see, for example, *United States v. Johnson*, 827 F.3d 740, 745 (8th Cir. 2016), we have never held that variances are prohibited on the first violation of supervised release. We also see no reason to consider such a rule here because Hall's criminal history included a prior count of promoting prostitution, and we agree with the district court that "incarceration has not changed his conduct once he was released." Thus, we see no error in the district court's weighing of Hall's record on supervised release.

Finally, Hall's argument about the weight assigned to appropriate factors in the sentence has no merit. He is correct that the sentence of 21 months of imprisonment was a significant variance above the Guidelines range and was close to his original sentence of 27 months. But he omits the countervailing fact that the district court

also ended supervised release, eliminating over three years of supervised release left in his original sentence in favor of the 21 months of imprisonment. The district court explained its concerns with Hall's repeated promotion of prostitution and related sex offenses. Its conclusion that a sentence of further imprisonment would better reflect Hall's record of intransigence than a sentence of further supervised release would is reasonable. We see no error in the district court's weighing of the factors.

Because we see no error in the district court's revocation sentence, we affirm.

_____