# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3325
_____

United States of America

*Plaintiff - Appellee*

v.

Lonnel Porter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: April 16, 2020
Filed: September 11, 2020

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Lonnel Porter pleaded guilty to a felon-in-possession charge, served his prison sentence, and began a three-year term of supervised release in August 2019 at the Waterloo Residential Reentry Center ("WRRC"). Six weeks later, the Northern District of Iowa Probation Office petitioned to revoke Porter's supervised release, alleging four violations including failure to return to the WRRC after signing out for employment. Porter had refused a protection officer's direction to return and his

whereabouts were unknown. An arrest warrant issued, and the U.S. Marshall's Service arrested him without incident in early October.

At the revocation hearing, Porter admitted violating terms of his supervised release, the most serious being a Grade C violation. With a Category VI criminal history, this resulted in an advisory guidelines revocation sentencing range of eight to fourteen months imprisonment. See USSG § 7B1.4(a). Porter urged a sentence of ten months; the government urged an upward variance to twenty-four-months The district court[1] revoked Porter's supervised release and sentenced him to fourteen months imprisonment followed by two years of supervised release. Porter appeals, arguing the revocation sentence is substantively unreasonable because the district court "gave significant weight to an improper or irrelevant factor," namely, "the need to promote respect for the law." Reviewing the revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentences, we affirm. United States v. White, 840 F.3d 550, 552 (8th Cir. 2016) (standard of review).

Governing sentencing statutes provide that, in determining an initial sentence, the court "shall consider" seven factors enumerated in 18 U.S.C. § 3553(a). In determining whether to include a term of supervised release in that sentence, the court "shall consider" several § 3553(a) factors listed in § 3583(a). The list does not include the § 3553(a)(2)(A) factor -- the need for a sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." When a defendant has violated the terms of his supervised release, in determining the appropriate sanction, the court "may, after considering the [§ 3553(a)] factors set forth in [§ 3583(a)], revoke supervised release" and impose an authorized prison sentence. § 3583(e)(3).

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

Because § 3583(e) does not reference § 3553(a)(2)(A), like many circuits we have characterized consideration of the factors in § 3553(a)(2)(A), such as "respect for the law," as "improper" or "irrelevant" in revocation proceedings. United States v. Mitchell, 798 F. App'x 968, 970 (8th Cir. 2020). This is questionable, or at least careless, statutory construction. Section 3583(a) provides that the court "shall consider" some § 3553(a) factors in imposing supervised release. But this is not an affirmative declaration that the court "may not" consider others. Likewise, § 3583(e) provides, as it must, that the court "may consider" factors mandated by § 3583(a) in a revocation proceeding. Again, this is not a declaration that the court "may not" consider other factors it deems relevant to the revocation sentence. It is "the traditional understanding of the sentencing process [that] a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." Nichols v. United States, 511 U.S. 738, 747 (1994) (quotation omitted). We should not construe ambiguities in sentencing statutes as reflecting a congressional intent to depart from this traditional understanding.

Happily, our court (unlike some others) has not so construed § 3583(e). Although we have labeled § 3553(a)(2)(A) an improper, irrelevant, or "excluded" factor, we have not declared its consideration an error of law *and therefore* an abuse of discretion. Rather, in determining whether the district court abused its discretion, we examine whether the court "gave significant weight" to that factor. United States v. Hall, 931 F.3d 694, 697 (8th Cir. 2019); see United States v. Martin, 757 F.3d 776, 779-80 (8th Cir. 2014); Mitchell, 798 F. App'x at 970.

At Porter's sentencing, after the district court determined the advisory sentencing range and counsel stated their sentencing positions, the court called on Porter for allocution. His lengthy comments repeatedly expressed frustration with his placement at the WRRC, characterizing it as punishment and citing what he perceived as unfairly restrictive conditions. "I felt like it was a form of disrespect," he declared.

-3-

To be put in a residential facility and be told he cannot spend time with his young daughter, "[t[hat's disrespectful." "[Y]eah, I walked away," Porter concluded. "All . . . I wanted was to spend time with my child. . . . The two weeks I was gone, I was able to spend with my child." The district court's response to this allocution is the basis for Porter's appeal:

> In arriving at a sentence that is sufficient but not greater than necessary, I have taken into account and considered all the [§ 3553(a)] factors . . . that apply in a revocation hearing. . . . When I look at the defendant's criminal history, his criminal history is replete with violence and assaultive behavior. He's been assaultive while in custody.
>
> . . . [W]hat comes through very clearly in all the documents, the presentence report, and the defendant's allocution here, is that the defendant feels the world owes him something and owes him respect . . . . And if he doesn't get to do what he wants to do . . . he's just going to do what he wants to do, regardless of what the rules are.
>
> Well, Mr. Porter, we all live by rules in this society. And when you obey rules, then people show you respect. When you disobey rules and you violate rules, then you violate the right to have anybody show you respect. . . . For you to tell your probation officer you are just not going to turn yourself in and you are going to walk away from it, shows a complete disrespect to me, to your probation officer, and to the law.

Porter argues the court abused its discretion by relying on an impermissible sentencing factor in § 3553(a)(2)(A) -- the need for a sentence "to promote respect for the law." We disagree.

As we have explained, no case has held that the district court abused its discretion by mentioning "respect for the law" at a revocation hearing. The record must establish the district court "gave significant weight" to an improper or irrelevant factor. In its supervised release guidelines, the Sentencing Commission advises that

"at revocation the court should sanction primarily the defendant's breach of trust [reflected in the supervised release violations], while taking into account, to a limited degree, the seriousness of the underlying [criminal conduct that formed the basis of the] violation and the criminal history of the violator." USSG Part A, 3(b); see United States v. Clay, 752 F.3d 1106, 1108-09 (7th Cir. 2014). Here, the court's "disrespect for the law" comment was highly relevant. Porter walking away from his assigned location and then telling the probation officer he was not going to turn himself in was the serious breach of trust being sanctioned. Using the word "disrespect" that Porter invoked in allocution, the court accurately described his breach of trust as "show[ing] complete disrespect to me, to your probation officer, and to the law."

In explaining the revocation sentence it was imposing, the district court began with a discussion of Porter's history and characteristics, observing that his criminal history was "replete with violence and assaultive behavior," and assaultive incidents illustrated Porter's "impulsive and violent behavior." The court further stated that it had "taken into account and considered all the factors set forth at Title 18 United States Code Section 3553(a) *that apply in a revocation hearing*." It then directly responded to the "disrespect" complaint in Porter's allocution, using the same term to explain why his refusal to obey the conditions of his supervised release warranted the sanction the court was imposing. The court neither gave significant weight to an improper or irrelevant factor nor abused its substantial discretion by imposing a substantively unreasonable sentence.

The judgment of the district court is affirmed.

_____