# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3777
_____

United States of America

*Plaintiff - Appellee*

v.

Samuel W. Melson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 12, 2022
Filed: April 14, 2022
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

After revoking his supervised release, the district court[1] sentenced Samuel W. Melson to 24 months' imprisonment with no supervised release to follow. Defense

_____

[1] The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

counsel had recommended an upward variance and the Government an even larger upward variance, and the district court imposed a sentence between the two. Melson argues that the sentence was substantively unreasonable because his violations did not warrant a substantial upward variance and the district court relied upon an improper or irrelevant sentencing factor in imposing the sentence.

Upon careful review, we conclude the district court did not abuse its discretion in imposing Melson's sentence. *See United States v. Isler*, 983 F.3d 335, 344 (8th Cir. 2020) (applying deferential abuse-of-discretion standard to claim of substantive unreasonableness, including claim that court gave significant weight to improper and irrelevant factor). The record shows that, between June 2018, when Melson's supervised release commenced, and December 2021, when it was finally revoked, Melson's probation officer filed seven violation reports. At the hearing on the seventh violation report--the one at issue here--the district court considered Melson's overall conduct on supervision, the nature and circumstances of his violations, mitigating factors, and the parties' arguments. The court explicitly clarified that the upward variance was "based upon Mr. Melson's personal history and characteristics, and also the nature and circumstances of his repeated violations and the flagrant nature of his violations." On this record, we cannot conclude that the district court gave significant weight to an improper or irrelevant factor or that the sentence was otherwise unreasonable. *See* 18 U.S.C. §§ 3553(a), 3583(e)(3); *United States v. Clark*, 998 F.3d 363, 367, 369-70 (8th Cir. 2021) (affirming the substantive reasonableness of an upward variance from a guidelines range of 6 to 12 months' imprisonment to a sentence of 24 months' imprisonment following the revocation of the defendant's supervised release after multiple violations); *United States v. Hall*, 931 F.3d 694, 697 (8th Cir. 2019) (finding no substantive error in giving insignificant weight to excluded sentencing factor where district court clearly considered permissible factors for revocation sentence).

Accordingly, we affirm.

_____