# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1436
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Scott Cloud

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: September 19, 2022
Filed: October 6, 2022
[Unpublished]
_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Brandon Scott Cloud was convicted of sexual abuse of a minor and sentenced to 60 months imprisonment, followed by 3 years of supervised release. In February 2022, the district court[1] revoked his supervised release and sentenced him to 18

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

months imprisonment, followed by 2 years supervised release. Cloud appeals, arguing that the district court imposed a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Cloud's conviction arises from his sexual abuse of a 13-year-old who was visiting Cloud's home on the Red Lake Indian Reservation. After pleading guilty to one count of sexual abuse of a minor in violation of 18 U.S.C. §§ 1151, 1153(a), 2243(a)(1)-(2), and 2246(2)(A), the district court imposed an above-Guidelines-range sentence of 60 months imprisonment, followed by a 3-year term of supervised release, and ordered Cloud to pay restitution in the amount of $110.62. The terms of Cloud's supervised release, among other things, prohibited him from committing new federal, state, or local crimes or from using a controlled substance and mandated that he pay the court-ordered restitution. Cloud began serving supervised release in August 2021. Roughly six weeks later, he was charged with, and later pled guilty to, two counts of terroristic threatening in violation of tribal law. Cloud also tested positive for methamphetamine three times between October and November 2021 and failed to make any restitution payments, despite having received a $3,000 stimulus check through the Red Lake Nation. Cloud was also dishonest with his supervising officers when questioned about these violations.

Cloud was ultimately charged with violating the conditions of his supervised release. At the final revocation hearing, Cloud admitted to three violations: a new law violation, use of controlled substances, and failure to pay restitution. The district court calculated the Guidelines range for the revocation sentence at 3 to 9 months imprisonment but varied upward and imposed a sentence of 18 months imprisonment, followed by 2 years of supervised release. The district court explained that it was varying upwards due to the "whirlwind of violations and criminal activity" Cloud committed during a relatively short period of time on supervised release, specifically stating that "the only [way] that your community's going to be safe is you being locked up." After the revocation hearing, the district court entered the judgment and written statement of reasons. The statement of reasons justified the upward variance based on Cloud's "complete inability to follow

the conditions of supervised release." The statement of reasons also noted several sentencing factors, including the need to protect the public, to promote respect for the law, to reflect Cloud's history and characteristics, and to provide just punishment.

Cloud appeals, arguing that the district court imposed a substantively unreasonable sentence. Specifically, Cloud asserts that the district court relied on the impermissible factor of punishment in fashioning his sentence and that the district court's reasoning was not sufficiently compelling to warrant the upward variance, particularly where the district court did not take into account Cloud's substance abuse issues. "We review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." United States v. Elbert, 20 F.4th 413, 416 (8th Cir. 2021). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted).

First, as to Cloud's argument that the district improperly relied on punishment as a factor in sentencing him, 18 U.S.C. § 3583(e) provides the factors that a district court may consider in imposing a revocation sentence. Section 3583(e) incorporates some of the § 3553(a) factors, including the history and characteristics of the defendant and the need to protect the public. Notably, however, § 3583(e) does not incorporate the § 3553(a)(2)(A) factors of the need "to provide just punishment for the offense" or to promote "respect for the law." While the district court's statement of reasons included a reference to the § 3553(a) factor of just punishment, the mere mention of a factor not specified in § 3583(e) is insufficient to show an abuse of discretion. See United States v. Porter, 974 F.3d 905, 908 (8th Cir. 2020) ("[N]o case has held that the district court abused its discretion by mentioning 'respect for the law' at a revocation hearing. The record must establish the district court 'gave significant weight' to an improper or irrelevant factor."). The record demonstrates

-3-

that the district court's sentence was based primarily on Cloud's history and characteristics—namely his drug use, dishonesty, and "abysmal" performance on supervised release—and the danger Cloud posed to the public, not on the need to provide just punishment. Indeed, the district court made no mention of punishment during the revocation hearing when it explained the basis for Cloud's sentence. Given the foregoing, the district court did not abuse its discretion by referencing "just punishment" in the statement of reasons. See United States v. Hall, 931 F.3d 694, 697 (8th Cir. 2019) ("[W]e have found no error where the district court's use of the excluded factors was 'immaterial' and where it 'focused primarily on [the defendant's] history and characteristics.'" (second alteration in original) (citation omitted)).

As to Cloud's argument regarding the district court's purported insufficiently compelling justification for the sentence, as discussed above, the district court detailed at length the reasons for imposing an upward variance. To the extent Cloud argues the district court erred by not considering the purported role Cloud's substance abuse played in his violations and Cloud's need for inpatient treatment, this amounts to no more than a disagreement with the weight the district court placed on the relevant sentencing factors, which does not warrant reversal. See United States v. Moua, 895 F.3d 556, 560 (8th Cir. 2018) (per curiam) ("The district court may give some factors less weight than a defendant prefers or more weight to other factors, but that alone does not justify reversal." (citation omitted)). The district court thus did not abuse its discretion in sentencing Cloud.

For the foregoing reasons, we affirm the judgment of the district court.

_____