# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1189

_____

United States of America

*Plaintiff - Appellee*

v.

Jaime Villareal

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: June 12, 2023
Filed: July 6, 2023
[Unpublished]

_____

Before GRUENDER, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

After serving a 63-month prison sentence for aiding and abetting the distribution of more than five grams of actual methamphetamine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2, Jaime Villareal violated the conditions of

his supervised release. The district court[1] revoked his release and sentenced him to nine months in prison. Villareal maintains that the court abused its discretion in imposing that prison term because it gave significant weight to matters it shouldn't have in fixing the sentence. We affirm.

A probation officer informed the court that Villareal had, among other things, tested positive for methamphetamine and amphetamine six times during the first year of his supervision and had been arrested on a warrant for failing to pay fines. The following month the officer informed the court that Villareal had submitted another positive drug test. The district court continued an ensuing revocation hearing after it was already underway to give Villareal "an opportunity to demonstrate compliance with the terms and conditions of" supervision. But about a month later, the probation officer informed the court that Villareal had yet again tested positive for methamphetamine and amphetamine and that he had been found in possession of pills believed to allow Villareal "to flush his system in an attempt to pass his drug tests."

So Villareal found himself at another revocation hearing, where he admitted that he violated the conditions of his release. After the court observed that revocation was mandatory in the circumstances, *see* 18 U.S.C. § 3583(g)(4), it explained that in imposing sentence it would consider the Sentencing Guidelines as well as the criteria set forth in 18 U.S.C. § 3553(a), a few of which it specifically mentioned. The court calculated the Guidelines range to be three-to-nine months' imprisonment. Defense counsel discussed the severity of Villareal's drug addiction and said that he wasn't "really sure the best way to address that addiction issue" and wasn't sure what sentence would be appropriate because, he said, "I think we've done about everything that we can." Defense counsel ultimately requested a three-month sentence.

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

Villareal maintains on appeal that the district court abused its discretion in imposing a nine-month sentence because it placed "significant weight" on one of the sentencing criteria found in § 3553(a), namely, the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See* 18 U.S.C. § 3553(a)(2)(A). Federal law provides that, in responding to a revocation petition, the sentencing court may, after considering certain specifically enumerated § 3553(a) criteria, revoke supervised release. *See* 18 U.S.C. § 3583(e). Absent from that enumerated list is § 3553(a)(2)(A).

We've held that where a district court in revoking supervised release does not give § 3553(a)(2)(A) "significant weight" but instead "focuse[s] primarily on the defendant's history and characteristics," we would not disturb the sentence. *See United States v. Hall*, 931 F.3d 694, 697 (8th Cir. 2019). So the mere mention of "the seriousness of the offense," the need "to promote respect for the law," or the need "to provide just punishment for the offense" when fixing a revocation sentence is insufficient to show an abuse of discretion. *See United States v. Porter*, 974 F.3d 905, 907–08 (8th Cir. 2020).

The record reflects that the court "focused primarily on [Villareal's] history and characteristics," *see Hall*, 931 F.3d at 697, and did not give significant weight to § 3553(a)(2)(A). In fixing the sentence, the district court began by noting its concern with the number of violations Villareal committed, stating that "[t]his case has more drug test violations than any case I've ever had before." It also emphasized that Villareal had failed to take advantage of the extraordinary opportunity it extended him at the first revocation hearing, adding that it was an opportunity that the court had never extended before. And it suspected that Villareal "had no intention whatsoever" of complying with his conditions of release and so had duped the court about his intentions, breaching the court's trust. *See United States v. Wilson*, 939 F.3d 929, 932 (8th Cir. 2019). It was only after these observations, when it confronted defense counsel's argument that "there's nothing left to do," that the court stated,

essentially as an afterthought, that the sentence imposed would promote respect for the law and provide just punishment for the offense, which it deemed "very egregious." We point out, moreover, that earlier in the hearing when the court mentioned some of the § 3553(a) considerations it had in mind, it did not mention the ones in § 3553(a)(2)(A).

It is true that immediately after mentioning respect for the law and just punishment in its discussion leading up to the sentence it chose, the court said, "So it's going to be my intent to impose a term of imprisonment of nine months." We don't read the use of the word "so" to refer, as Villareal argues, only to the immediately preceding allusion to the relevance of respect for the law and just punishment. The court was simply signaling an end to its detailed explanation for the sentence as a whole. We discern no abuse of discretion here.

Affirmed.

_____