# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-3371

———————————————

United States of America

*Plaintiff - Appellee*

v.

Michael Aponte

*Defendant - Appellant*

—————————

Appeal from United States District Court
for the District of Nebraska - Omaha

—————————

Submitted: May 8, 2023
Filed: August 18, 2023
[Unpublished]

—————————

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

—————————

PER CURIAM.

Michael Aponte and Rawy Correa-Perez were pulled over in Nebraska, and officers found cocaine in their spare tire. A jury convicted Aponte and Correa-Perez of two counts of conspiracy to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 846, 841(b)(1)(A), and possession with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 841(a)(1), 841(b)(1)(A).

Both received the same Guidelines range, and the district court[1] sentenced Correa-Perez to 97 months in prison but varied up and sentenced Aponte to 130 months in prison. Aponte appeals, alleging that because of disparities in his and Correa-Perez's sentences, his sentence is procedurally erroneous and substantively unreasonable. We affirm.

I.

Aponte argues that the district court committed procedural errors in sentencing. Because Aponte failed to raise the issue below, we review for plain error. See United States v. Hall, 931 F.3d 694, 696 (8th Cir. 2019). To establish plain error, Aponte must show that (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights. See United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009).

Aponte argues that the district court erred by finding that he "had a more material role" in the crime because, although he drove the car, Correa-Perez recruited and managed Aponte. See Sentencing Tr. 25. According to Aponte, this erroneous finding resulted in an erroneous disparity between his and Correa-Perez's sentences. But because Correa-Perez's sentencing record is not part of Aponte's record on appeal, "we are not in a position to evaluate his claim of unwarranted disparities." United States v. Hill, 8 F.4th 757, 761 (8th Cir. 2021). "In these circumstances, when a single defendant asserts on appeal that a similarly situated co-conspirator was sentenced differently, and both sentences are within the range of reasonableness, there is no principled basis for an appellate court to say which defendant received the appropriate sentence." Id. (cleaned up).

"In any event, disparate sentences among *dis*similar defendants are not unwarranted." United States v. Fry, 792 F.3d 884, 893 (8th Cir. 2015). The district

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

court acknowledged that, unlike Correa-Perez, Aponte drove the car involved in the conspiracy. It was not an error, plain or otherwise, for the district court to consider this difference in sentencing.

Aponte further argues that the district court erred by failing to adequately explain the disparity between Aponte's and Correa-Perez's sentences. But Aponte fails to provide authority requiring a district court to explain disparities between the sentences of co-defendants.[2] And "we have not defined with any specificity the extent to which the district court must explain the reasons for the extent of its upward variance: all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." United States v. Anderson, 926 F.3d 954, 958 (8th Cir. 2019) (citation omitted). To support the upward variance, the district court expressly referenced the relevant § 3553(a) factors, Aponte's conduct during the traffic stop, and the extreme danger the large quantity of cocaine posed to the public.

Aponte fails to identify an error, plain or otherwise, in his sentence.

II.

In the alternative, Aponte argues that his sentence was substantively unreasonable. "We review with great deference the reasonableness of a sentence for abuse of discretion, and it will be the unusual case when we reverse a district court sentence as substantively unreasonable." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012). In evaluating the reasonableness of a variance, we defer to the district court's decision that the § 3553(a) factors justify the variance. See id.

Aponte argues that the disparity between his and Correa-Perez's sentences renders his sentence substantively unreasonable and the upward variance an abuse

---

[2]"Most courts say that the statutory direction to avoid unwarranted sentence disparities, see 18 U.S.C. § 3553(a)(6), refers to *national* disparities, not differences among co-conspirators." Fry, 792 F.3d at 892 (collecting cases).

of discretion. But "[i]t is not an abuse of discretion for a district court to impose a sentence that results in a disparity between co-defendants when there are legitimate distinctions between the co-defendants." United States v. Arnold, 835 F.3d 833, 842–43 (8th Cir. 2016) (citation omitted).

Aponte's other arguments are equally unavailing. He claims that the district court abused its discretion by considering the quantity of drugs in varying up because the quantity of drugs also contributed to his base offense level. But "[w]e have repeatedly stated that factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." United States v. Obi, 25 F.4th 574, 581–82 (8th Cir. 2022) (citation omitted). Aponte also argues that the district court did not consider his history and characteristics. But the record says otherwise. See Sentencing Tr. 23 ("[I]n crafting [this] sentence, I have considered all factors outlined under 18 U.S.C. 3553(a), including . . . the specific history and characteristics of the defendant."). Aponte's disagreement with how the district court weighed the factors does not alone render the sentence substantively unreasonable. See United States v. Isler, 983 F.3d 335, 344 (8th Cir. 2020).

The district court did not abuse its discretion in varying up, and Aponte's sentence was substantively reasonable.

III.

The sentence is affirmed.

_____