# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1594
_____

United States of America

*Plaintiff - Appellee*

v.

Abdimanan Bana Habib

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: November 17, 2023
Filed: December 27, 2023
[Unpublished]
_____

Before COLLOTON, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Abdimanan Bana Habib pled guilty to civil disorder in violation of 18 U.S.C. § 231(a)(3). The district court sentenced him to time served and three years of supervised release. Later that year, he violated the conditions of his release. The district court revoked his release, sentencing him to 9 months in prison and 24 months of supervised release. The next year, he violated his second term of

supervised release. The district court[1] revoked his release, sentencing him within the guidelines to 24 months in prison and 2 months of supervised release. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Habib argues the court considered "the improper or irrelevant factor of 'respect for the law' when sentencing" him. Typically, this court reviews revocation sentences for abuse of discretion. *United States v. Hall*, 931 F.3d 694, 696 (8th Cir. 2019). Where the defendant fails to object to the consideration of the improper factor at sentencing, review is for plain error. *See, e.g.*, *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009). The parties disagree about what standard of review applies here. *See United States v. Baeten*, 691 Fed. Appx. 295, 296 (8th Cir. 2017) ("There has been some confusion in this circuit regarding the proper standard of review to apply in cases where, as here, the defendant failed to contemporaneously object to the court's consideration of a purportedly improper or irrelevant factor."). This court need not decide because his claim fails under either standard.

Imposing a revocation sentence, courts may consider certain factors outlined in "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7)." 18 U.S.C. § 3583(e). These include, as relevant here, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to protect the public from further crimes. These factors do not include those listed in 18 U.S.C. § 3553(a)(2)(A)— seriousness of the offense, need to promote respect for the law, and need to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A).

At sentencing, the district court said it must consider whether the sentence promotes respect for the law. It twice asked Habib what he had done "to demonstrate

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

respect for the law." Habib argues the court based its revocation sentence on an improper factor. But a district court's mention of an 18 U.S.C. § 3553(a)(2)(A) factor is not error where the court focused primarily on the defendant's history and characteristics. *See Hall*, 931 F.3d at 697 (holding no error "where the district court's use of the excluded factors was 'immaterial'" and where the court "focused primarily" on the defendant's "history and characteristics"); *United States v. Dull*, 641 Fed. Appx. 669, 671 (8th Cir. 2016) ("Although § 3583(e) omits [the factors in 18 U.S.C. § 3553(a)(2)(A)], consideration of the factors is not explicitly prohibited.").

Here, the district court focused primarily on Habib's history and characteristics along with the other factors included under 18 U.S.C. § 3583(e). *See Hall*, 931 F.3d at 697. The district court focused on his persistent failure to comply with the terms of supervision—both in the instant proceeding and throughout his life—his serious, violent criminal history, and his ongoing criminal conduct. The district court's reference to his ability to promote respect for the law was in the context of his criminal history, and the court's mention of it was inconsequential. *See Dull*, 641 Fed. Appx. at 671 ("Furthermore, the district court's reference to these factors is inconsequential because the district court imposed Dull's sentence after evaluating her conduct under several § 3553(a) factors that § 3583(e) specifically enumerates."). The court did not err in mentioning it. *See United States v. Porter*, 974 F.3d 905, 908 (8th Cir. 2020) (noting that the district court's "disrespect for the law" comment "accurately described his breach of trust" in failing to comply with the terms of supervised release); *United States v. Mitchell*, 798 Fed. Appx. 968, 970 (8th Cir. 2020) (holding no abuse of discretion where court considered proper revocation factors and "also mentioned promoting respect for the law").

## II.

Habib argues the court erred in weighing the sentencing factors. A district court has "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United*

*States v. Campbell*, 986 F.3d 782, 800 (8th Cir. 2021). A "defendant's disagreement with the district court's balancing of relevant considerations does not show that the court abused its discretion." *Id.*

Habib contends the district court did "not afford adequate weight" to his history and characteristics. This argument is "nothing more than a disagreement with how the district court chose to weigh the § 3553(a) factors." *United States v. Brown*, 992 F.3d 665, 673 (8th Cir. 2021). The district court was aware of Habib's health concerns and educational aspirations, as those mitigating factors were discussed during the revocation hearing. *See United States v. Chandler*, 2023 WL 142444, at *2 (8th Cir. Jan. 10, 2023) (unpublished) (finding district court did not fail to consider mitigating factors when those factors were discussed at a revocation hearing). But it chose to assign more weight to other factors, including his refusal to comply with supervised release terms, lies to his probation officer, and history of serious, violent crimes. The court did not abuse its discretion.

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____