# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-1746
_____

United States of America

*Plaintiff - Appellee*

v.

Alan W. Berger

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: January 17, 2025
Filed: January 24, 2025
[Unpublished]
_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Alan Berger appeals after the district court[1] revoked his supervised release and sentenced him to 15 months in prison and 10 years of supervised release. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable P.K. Holmes, III, then United States District Judge for the Western District of Arkansas, took inactive status on October 1, 2024.

On appeal, Berger argues that the sentence was substantively unreasonable and that the court abused its discretion by giving significant weight to an improper factor and by declining Berger's request to permit him to possess internet-capable electronic devices if he paid for monitoring software. Upon careful review, this court concludes that the sentence was not substantively unreasonable and the district court did not abuse its discretion in considering the sentencing factors. *See United States v. Miller*, 557 F.3d 910, 914, 916 (8th Cir. 2009) (abuse of discretion review for revocation and substantive reasonableness of resulting sentence); *United States v. Porter*, 974 F.3d 905, 907-08 (8th Cir. 2020) (court may consider factors it deems relevant, including those under 18 U.S.C. § 3553(a)(2)(A), and only abuses its discretion by giving significant weight to improper factor); *United States v. DeMarrias*, 895 F.3d 570, 574-75 (8th Cir. 2018) (even severe sentence not substantively unreasonable where district court properly weighed factors). The district court also did not abuse its discretion by declining to modify the conditions of his supervised release. *See United States v. Carlson*, 406 F.3d 529, 531 (8th Cir. 2005) (standard of review for imposition of special condition of supervised release); *United States v. Bender*, 566 F.3d 748, 751 (8th Cir. 2009) (upholding similar limits on computers and internet access).

The judgment is affirmed.

_____