# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3273
_____

United States of America

*Plaintiff - Appellee*

v.

Omar Frias

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: January 12, 2026
Filed: January 15, 2026
[Unpublished]
_____

Before SMITH, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

After his supervised release was revoked in December 2022, Omar Frias was ordered to serve a 10-month imprisonment term. He was released to supervision in October 2023. Within a month of his release, Frias used methamphetamine. At his revocation hearing, Frias contested one of the violations listed in the petition and admitted the other 10 violations of his supervised release terms, including

methamphetamine use on multiple occasions. As to the contested one, the district court[1] found the government proved by a preponderance of the evidence a "technical" violation for failing to timely report to his probation officer that he had been terminated from his employment. With the most serious violation being Grade C and criminal history category III, Frias' advisory Sentencing Guidelines range was 5 to 11 months. Frias urged the district court to consider home detention and give him another opportunity to participate in drug treatment. After recounting Frias' history of supervised release violations while also recognizing Frias' willingness to accept responsibility for his actions and his participation in treatment opportunities, the district court varied upward and imposed a straight-time sentence of 18 months' imprisonment.

On appeal, Frias asserts the above-Guidelines sentence was substantively unreasonable because the district court did not give sufficient weight to mitigating factors, including his addiction to drugs, his acceptance of responsibility, and his participation in treatment opportunities. We review a revocation sentence under the same deferential abuse of discretion standard that applies to initial sentencing proceedings. United States v. Hall, 931 F.3d 694, 696 (8th Cir. 2019). A district court "may give some factors less weight than a defendant prefers or more weight to the other factors, but that alone does not justify reversal." United States v. Isler, 983 F.3d 335, 344 (8th Cir. 2020); see United States v. Campbell, 976 F.3d 775, 778 (8th Cir. 2020) ("The mere fact that a court could have weighed the sentencing factors differently does not amount to an abuse of discretion."). This Court has noted that repeated violations of supervised release can be a permissible basis for a variance. Hall, 931 F.3d at 698.

Here, the district court considered the reasons urged by Frias for imposing a lesser prison sentence and weighed those against the facts surrounding his prior supervised release violations and conduct following his release from prison. The

---

[1]The Honorable Timothy L. Brooks, then United States District Judge for the Western District of Arkansas, now Chief Judge.

court explained that little had changed since the last time Frias was before the court on revocation proceedings except that Frias had acquired "more tools" by participating in treatment opportunities but continued to have no plan for using the tools. We have carefully reviewed the record and find Frias has not shown the district court considered improper factors or otherwise abused its broad sentencing discretion.

The judgment of the district court is affirmed.

_____